UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LARRY ALLEN TAYLOR,

                Petitioner,

vs.

WARDEN YORDY,

                Respondent.

Case No. 1:17-cv-00482-CWD

**ORDER REVIEWING (SECOND) AMENDED PETITION**

      Now pending in this habeas corpus matter is Petitioner Larry Allen Taylor's (Second) Amended Petition, filed after his First Amended Petition was stricken. (Dkts. 37, 29.) Petitioner again has entitled his new pleading, "First Amended Petition." For clarity's sake, the Court will refer to the new pleading as the (Second) Amended Petition.

      All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkts. 7, 16.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The Court now reviews the (Second) Amended Petition under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF AMENDED PETITION

### 1. Standard of Law

The Court is required to review each habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

### 2. Background

In a state criminal action in Kootenai County, Idaho, Petitioner pleaded guilty to and was convicted of two counts of attempted grand theft by extortion. Although it is unclear from the sparse record before the Court, it appears that Petitioner's relatives were guardians or trustees of certain family funds, Petitioner was a ward or beneficiary, and Petitioner made telephone threats to his relatives to force them to withdraw funds for him. On December 17, 2014, he was sentenced to ten fixed years of incarceration with three indeterminate years on the first conviction, and ten years indeterminate on the second.

Petitioner filed a direct appeal, which was decided by the Idaho Court of Appeals, followed by a petition for review to the Idaho Supreme Court. He obtained no relief. He

also filed a post-conviction petition, which was summarily dismissed. Prior to entry of judgment in that action, Petitioner filed an unauthorized amended post-conviction petition. That petition was dismissed without a ruling on the substance of the petition because it was improperly filed.

Petitioner raised three claims before the Idaho Court of Appeals on post-conviction appellate review: (1) the district court wrongfully sua sponte dismissed the first amended petition; (2) the court did not properly consider the motion for a change of venue; and (3) the court denied the motion for appointment of counsel. None of the claims appear to have addressed the substance of his federal claims. The Idaho Court of Appeals affirmed the state district court decision on December 11, 2019. *See Taylor v. State*, No. 46771, 2019 WL 6726292, at *1 (Idaho Ct. App. Dec. 11, 2019). The Idaho Supreme Court denied the petition for review.

### 3.  Statement of Claims

Petitioner raises the following claims in his (Second) Amended Petition:

1.  The prosecution committed a *Brady* violation when it failed to disclose that the victims were guardians and had a duty and obligation to control the disabled ward's bank account.[1]

2.  Petitioner is actually innocent on the first attempted extortion charge because (a) he would not have been convicted if he had been given the exculpatory facts and information about the guardian-ward relationship; and (b) Petitioner was merely attempting to obtain

---

[1] The prosecution has a duty under the due process clause of the Fourteenth Amendment to disclose exculpatory evidence to the defense that is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).

release of his own money from the guardian to fund
his surgery—thus it was legally impossible for him to
extort money from himself.

3.      Petitioner is actually innocent on the second attempted
extortion charge.

4.      Petitioner is "not guilty," because the prosecutor did
not show that Petitioner had specific intent or a pre-
meditated plan to commit a crime.

5.      A structural error occurred when the prosecutor
committed misconduct and Petitioner's defense
counsel was ineffective.

6.      After conviction, Petitioner should have been confined
to a mental hospital instead of to a prison for mental
health rehabilitation, because the Idaho Code waives
the state's right to punish a mentally ill person.

7.      The "change of plea contract" was made without
Petitioner being fully cognizant or competent.

8.      Petitioner reserves all other claims that may be
available in the record.

(*See* Dkt. 37.)

### 4.   Discussion of Claims 2, 3, and 4: Actual Innocence

Claims 2, 3, and 4 are actual innocence claims. The United States Supreme Court

has determined that a claim of actual innocence is not cognizable in a federal habeas

corpus action. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) (a claim of actual

innocence can be used only as a gateway through which a habeas petitioner must pass to

have another procedurally defaulted claim considered on the merits). Petitioner cannot

proceed on these claims, but may set forth all of the facts supporting his assertion of

actual innocence to attempt to excuse the procedural default of any other claims, if

Respondent pursues a procedural default defense.

**ORDER REVIEWING (SECOND) AMENDED PETITION - 4**

### 5.   Discussion of Claim 8: No Factual or Legal Basis

Claim 8 is not a claim at all, but a vague request for authorization for further amendment. A habeas corpus claim is not cognizable unless supported by "the grounds for relief" and "the facts supporting each ground." *See* Rule 2(c) of the Rules Governing § 2254 Cases. Petitioner already has been given adequate opportunity to amend his pleadings in this matter. Absent extraordinary circumstances, the Court will not entertain another amendment.

### 6.   Discussion of Claim 6: Petitioner should be Housed in a Mental Hospital

Claim 6 is that the state of Idaho has expressly waived the right to punish mentally ill individuals by its statutory enactments. Petitioner asserts that certain Idaho statutes mandate that he should be housed in a mental hospital to be rehabilitated rather than in a prison.

However, the Idaho appellate courts have not interpreted the statutes as Petitioner interprets them. Petitioner is not entitled to ask the federal district court to revisit the state of Idaho's interpretation of its own statutes. The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

This Court is bound to apply state statutes as they have been interpreted by the Idaho appellate courts. It is well recognized that "a State's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*,

461 F.3d 1123, 1127 (9th Cir. 2006).[2] Likewise, a determination of state law by a state intermediate appellate court is binding upon the federal court. *See Hicks v. Feiock*, 485 U.S. 624, 629-30 & n. 3 (1988).

In *Nielson v. State*, 828 P.2d 342 (Idaho Ct. App. 1992), the Court recognized that "Idaho's purpose in sentencing is punitive" and that the state is not required to provide rehabilitative treatment to prisoners. *Id*. at 344; *accord*, *State v. Law*, 858 P.2d 827, 828-29 (Idaho Ct. App. 1993); *see Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 469-770 (9th Cir. 1989)(recognizing the same).

Idaho Code § 18-207 clearly provides that a person convicted of a criminal offense who has a mental condition that requires treatment "shall receive treatment in a facility which provides for incarceration or less restrictive confinement." The title of that section is, in fact, "Provision for treatment during incarceration." Idaho Code Title 66, Chapter 3, entitled "Hospitalization of the Mentally Ill," provides for confinement in a state mental hospital *if* a person is under civil commitment. That provision does not apply to Petitioner because he is a convicted felon, not a civilly-committed person. Nothing in the Idaho Code demonstrates that "Idaho has expressly waived the right to punish" Petitioner, as he asserts. This argument, which is contrary to the Idaho appellate courts' interpretation of Idaho statutes, is not a basis for federal habeas corpus relief.

---

[2]     *Sass* was overruled on other grounds by *Hayward v. Marshall*, 603 F.3d. 546 (9th Cir. 2010) (en banc) (any right to release on parole arose from state law, and did not arise from federal constitution), which itself was overruled by implication in *Swarthout v. Cooke*, 562 U.S. 216 (2011) ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement.).

**ORDER REVIEWING (SECOND) AMENDED PETITION - 6**

If Petitioner requires mental health treatment, he is entitled to seek it from the prison medical unit, pursuant to the Eighth Amendment to the United States Constitution. If he is receiving inadequate care and believes he is in danger of suffering serious harm, he may pursue a civil rights lawsuit, but only after exhausting his prison administrative remedies. A civil rights "conditions of confinement" claim may not be pursued in a habeas corpus action.

Based on the foregoing, Petitioner has failed to state a claim upon which relief can be granted with his assertions that the Idaho statutory scheme requires that he be provided with rehabilitative treatment or mental health hospitalization instead of being imprisoned for a felony offense.

### 7.  Claims upon which Petitioner May Proceed

The Court will liberally construe Claims 1, 5, and 7 as stating cognizable claims. However, two warnings are in order. First, Petitioner's claims may be procedurally defaulted. Respondent will be permitted to address procedural issues before substantive issues via a motion for complete or partial summary dismissal, if a procedural default argument is supported by the state court record.

Second, a valid guilty plea forecloses any claims that were relinquished upon pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (a person who voluntarily and intelligently pleads guilty to a criminal charge may not seek federal habeas relief on the basis of pre-plea constitutional violations).

**ORDER REVIEWING (SECOND) AMENDED PETITION - 7**

Petitioner will be permitted to pursue his claims to the extent that they state a federal claim upon which relief can be granted, they are not foreclosed by his guilty plea, and either they were properly exhausted in state court or he can show legal excuse for a failure to exhaust. Therefore, Respondent, will be required to file an answer or a pre-answer motion, as may be appropriate from a review of the state court record.

### 8. Notice to Petitioner of Standards of Law

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these

**ORDER REVIEWING (SECOND) AMENDED PETITION - 8**

circumstances, the claim is considered to have been "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Attorney error that rises to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, an allegation of ineffective assistance of direct appeal counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of direct appeal counsel claim is, itself, not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of direct appeal counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of direct

**ORDER REVIEWING (SECOND) AMENDED PETITION - 9**

appeal counsel claim in a procedurally proper manner to the state courts, such as in a

post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic–errors of counsel made on *post-conviction*

*review* that cause the default of other claims–the general rule on procedural default is that

any errors of a defense attorney during a post-conviction action *cannot* serve as a basis

for cause to excuse a petitioner's procedural default of his claims. *See Coleman v.*

*Thompson*, 501 U.S. 722, 752 (1991). This rule arises from the principle that a petitioner

does not have a federal constitutional right to effective assistance of counsel during state

post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v.*

*Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception

to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at

initial-review collateral review proceedings may establish cause for a prisoner's

procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez*

Court explained that the limited exception was created "as an equitable matter, that the

initial-review collateral proceeding, if undertaken without counsel or with ineffective

counsel, may not have been sufficient to ensure that proper consideration was given to a

substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear

procedurally defaulted claims of ineffective assistance of trial counsel, *id*. at 1320, and

ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287 (9th

Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v.*

**ORDER REVIEWING (SECOND) AMENDED PETITION - 10**

*Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time to File Amended Petition (Dkt. 33) is GRANTED. The (Second) Amended Petition at Docket 37 is considered timely.

2. Petitioner may proceed to the next stage of habeas corpus proceedings on Claims 1, 5, and 7.

3. Claims 2, 3, 4, 6, and 8 are DISMISSED for failure to state a federal habeas corpus claim upon which relief can be granted. Respondent need not address these claims.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The

lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through

counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

**ORDER REVIEWING (SECOND) AMENDED PETITION - 14**

DATED: November 4, 2020

Honorable Candy W. Dale
United States Magistrate Judge