UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY ALLEN TAYLOR,<br><br>                  Petitioner,<br><br>vs.<br><br>JOSH TEWALT, Director, Idaho Department of Correction,[1]<br><br>                  Respondent. | Case No. 1:17-cv-00482-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending in this habeas corpus action filed by Petitioner Larry Allen Taylor are Respondent's Motion for Summary Dismissal of the (Second) Amended Petition (Dkt. 47), Petitioner's Motion for Summary Judgment (Dkt. 49), and several other motions filed by the parties.[2] All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkts. 7, 16.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] Petitioner has been released from physical custody; thus, the Director of the Idaho Department of Correction has been substituted as the proper respondent.

[2] Petitioner again has entitled his new pleading, "First Amended Petition." For clarity's sake, the Court hereafter will refer to the new pleading as the "Second Amended Petition."

**ORDER REVIEWING (SECOND) AMENDED PETITION - 1**

## PRELIMINARY MOTIONS

Petitioner seeks appointment of counsel. A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court concludes that Petitioner does not qualify for appointment of counsel. Presently, neither discovery nor an evidentiary hearing is needed. Respondents have laid out their arguments for dismissal of Petitioner's claims in a fairly simple and straightforward manner, with each argument and sub-argument presented in separate sections and subsections of the Answer and Brief in Support of Dismissal (Dkt. 47-1.) The record is clear. The issues are not complex. Petitioner has been able to file pro se pleadings, motions, and responses to articulate his position in the matter. Appointment of counsel is not needed to clarify the facts or law to aid the Court in its decisionmaking. For these reasons, the Court will not appoint counsel.

Respondent seeks an extension of time in which to respond to the Second Amended Petition and the Review Order. (Dkt. 43.) Good cause appearing, the motion will be granted, and the Motion for Summary Dismissal will be deemed timely.

**ORDER REVIEWING (SECOND) AMENDED PETITION - 2**

Respondent also seeks leave to file an over-length brief. (Dkt. 46.) Petitioner sought relief in state court multiple times, creating a large record that needs additional explanation from Respondent. The motion will be granted.

Petitioner's Motion for Summary Judgment against Warden Ramirez (Dkt. 49) will be denied. Petitioner asks for entry of default judgment because Respondent requested an extension of time to answer rather than answering within the 120 days originally ordered. Default judgment is not available in habeas corpus actions. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). The result of a default judgment in a habeas corpus action would be the automatic release of a prisoner from custody. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)(holding that "Rule 55(a) has no application in habeas corpus cases").

## REVIEW OF MOTION FOR SUMMARY DISMISSAL

1. **Background**

In a state criminal action in Kootenai County, Idaho, Petitioner pleaded guilty to and was convicted of two counts of attempted grand theft by extortion. On December 17, 2014, he was sentenced to ten fixed years of incarceration with three indeterminate years on the first conviction, and a consecutive sentence of ten years indeterminate on the second. Presently, Petitioner is on parole.

After conviction, Petitioner filed a direct appeal, raising an abuse of sentencing discretion claim. The Idaho Court of Appeals affirmed the two sentences. He filed a

petition for review in the Idaho Supreme Court, but obtained no relief. (*See* State's Lodgings B-1 to B-10.)

Petitioner next filed a post-conviction petition. The state district court appointed counsel for Petitioner, who filed an amended petition. In August 2015, after briefing and a hearing, the amended petition was summarily dismissed, but no judgment was entered. (*See* State's Lodging C-1.) Prior to entry of judgment in that action, Petitioner filed an unauthorized second amended post-conviction petition that was labeled the same way as the petition filed by Petitioner's counsel—"amended petition." (*See* State's Lodging C-2, pp. 62-108.) Thereafter, the state district court entered a judgment dismissing "the amended petition" without any written explanation. (*Id.*, p. 119.) The judgment did not specify whether it was dismissing Petitioner's second amended petition or the amended petition that was earlier dismissed but for which no judgment had been entered. (State's Lodging C-2, pp.119-20.)

Petitioner, acting pro se, raised three claims before the Idaho Court of Appeals on post-conviction appellate review: (1) the district court wrongfully sua sponte dismissed the first amended petition; (2) the court did not properly consider the motion for a change of venue; and (3) the court should not have denied Petitioner's motion for appointment of counsel. (State's Lodging C-3, p. 2.) The Idaho Court of Appeals affirmed the state district court decision on December 11, 2019. *See Taylor v. State*, No. 46771, 2019 WL 6726292, at *1 (Idaho Ct. App. Dec. 11, 2019)(State's Lodging D-5.) The Idaho Supreme Court denied the petition for review. (State's Lodging D-8.)

**ORDER REVIEWING (SECOND) AMENDED PETITION - 4**

Later, Petitioner filed a Rule 35 motion for correction of sentence, arguing that the factual basis for the two counts of attempted grand theft by extortion was the same, and the counts did not allege separate and distinct acts. (State's Lodging E-1, pp. 36-41.) After the state district court denied the motion, Petitioner filed an appeal, arguing that, based on the governing state criminal statutes, the district court had erred in denying the motion. No federal grounds were mentioned. Denial of the motion was affirmed on appeal. (*See* State's Lodgings F-1 through F-6.)

2.  **Statement and Summary Disposition of Claims**

    Petitioner raised the following claims in his Second Amended Petition:

    1.  The prosecution committed a *Brady* violation when it failed to disclose that the victims were guardians and had a duty and obligation to control the disabled ward's bank account.[3]

    2.  Petitioner is actually innocent on the first attempted extortion charge, because: (a) he would not have been convicted if he had been given the exculpatory facts and information about the guardian-ward relationship; and (b) Petitioner was merely attempting to obtain release of his own money from the guardian to fund his surgery—thus it was legally impossible for him to extort money from himself.

    3.  Petitioner is actually innocent on the second attempted extortion charge.

    4.  Petitioner is "not guilty" because the prosecutor did not show that he had specific intent or a pre-meditated plan to commit a crime.

---

[3] The prosecution has a duty under the due process clause of the Fourteenth Amendment to disclose exculpatory evidence to the defense that is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).

**ORDER REVIEWING (SECOND) AMENDED PETITION - 5**

    5.    A structural error occurred when the prosecutor committed misconduct, and Petitioner's defense counsel was ineffective.

    6.    After conviction, Petitioner should have been confined to a mental hospital instead of a prison for mental health rehabilitation, because the Idaho Code waives the state's right to punish a mentally ill person.

    7.    The "change of plea contract" was made without Petitioner being fully cognizant or competent.

    8.    Petitioner reserves all other claims that may be available in the record.

(Dkt. 37.)

Upon screening the Second Amended Petition, the Court concluded that Claims 2, 3, and 4 were noncognizable actual innocence claims. In addition, Claim 6—that the state of Idaho expressly waived the right to punish mentally ill individuals by its statutory enactments—was noncognizable on federal habeas corpus review because it was a question of a state court's interpretation of a state statute. The Court further determined that Claim 8 was not a claim at all, but a vague request for authorization for further amendment.

### 3. Claims upon which Petitioner was Permitted to Proceed

The Court liberally construed Claims 1, 5, and 7 as stating cognizable claims. However, it warned Petitioner that his claims may be subject to dismissal on procedural default grounds.

### 4. Standards of Law

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a

claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Id.* at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked

**ORDER REVIEWING (SECOND) AMENDED PETITION - 7**

to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Attorney error that rises to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of direct appeal counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of direct appeal counsel claim is, itself, not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of direct appeal counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of direct appeal counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic–errors of counsel made on *post-conviction review* that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

**ORDER REVIEWING (SECOND) AMENDED PETITION - 8**

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The *Martinez v. Ryan* exception is applicable to procedurally defaulted claims of ineffective assistance of trial counsel only. The exception has not been extended to other types of claims. *See Davila v. Davis*, 137 S. Ct. 2058, 2070 (2017) (*Martinez* not applicable to ineffective assistance of direct appeal counsel claims); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to defaulted *Brady* claims).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see*

*Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

### 5. Discussion of Claim 1

Claim 1 is that the prosecution committed a *Brady* violation when it failed to disclose that the victims were guardians and had a duty and obligation to control the disabled ward's bank account. The prosecution has a duty under the due process clause of the Fourteenth Amendment to disclose exculpatory evidence to the defense that is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).

The state court record reflects that Petitioner did not raise this claim in the Idaho Supreme Court at any time. It is now too late to do so. Accordingly, this claim is procedurally defaulted.

### 6. Discussion of Claim 5

Claim 5 is that a structural error occurred when the prosecutor committed misconduct, and that Petitioner's defense counsel was ineffective. These claims were not presented to the Idaho Supreme Court during the course of Petitioner's state court proceedings. It is now too late to do so. These claims are procedurally defaulted.

### 7. Discussion of Claim 7

Claim 7 is that the "change of plea contract" was made without Petitioner being fully cognizant or competent. Petitioner did not raise this claim in the Idaho Supreme Court at any time. It is now too late to do so. Therefore, this claim is procedurally defaulted.

### 8. Discussion of Cause and Prejudice

Petitioner has chosen not to present a cause and prejudice argument to excuse the default of his claims. The Court discerns no factual basis for this argument from a review of the state court record.

### 9. Discussion of Actual Innocence

Petitioner asserts that he needed $25,000 for a back surgery, and that the excruciating pain he was in is an excuse for his attempt to extort the funds from his family by saying that he would kill his ex-wife if his daughter did not release the funds to him. Petitioner's threats were captured on an audio recording. (*See* State's Lodging A-4, pp. 37-40.) He also admitted having made the statements when pleading guilty and at sentencing. (*See* State's Lodging A-2, pp. 63, 71.)

The Court found no case law or statute providing that "medical necessity" equates to actual innocence. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 64, 623 (1998). Petitioner's assertion is merely that he is legally innocent—that he had a justifiable reason for making the death threat to obtain the money from his daughter. Because he does not assert *factual* innocence, the miscarriage of justice exception is inapplicable to this argument.

Petitioner also argues that he is actually innocent on the first attempted extortion charge, because: (a) he would not have been convicted if he had been given the exculpatory facts and information about the guardian-ward relationship; and (b) he was merely attempting to obtain release of his own money from the guardian to fund his surgery—thus it was legally impossible for him to extort money from himself. Petitioner

ORDER REVIEWING (SECOND) AMENDED PETITION - 11

has provided no documentation or concrete facts showing that this is true. Rather, it appears that he gave up certain assets in his divorce settlement, including a liquor license, and then later asserted a right to them when his ex-wife sold the liquor license for more than she had previously represented it was worth. However, he has not shown that he had an enforceable guardian/ward relationship with his ex-wife for the assets awarded to her in the divorce. Even if he did have a guardian/ward relationship as to the money he requested from his daughter, his remedy was to pursue a civil action in state court regarding that property, not to use death threats. Nothing about these allegations shows that Petitioner is actually innocent—"Your voice is on every single one of those messages," the sentencing judge told Petitioner. He answered, "Right." (State's Lodging A-2, p. 78.)

Petitioner also asserts that he is actually innocent on the second attempted extortion charge. This is the legal argument Petitioner made in his final Rule 35 motion—that the factual basis of the separate threat messages he left was the same, and that he should have been convicted of only one offense, not two. Again, this is an argument of legal, not factual, innocence. It cannot serve as the basis for the miscarriage of justice exception.

10. Conclusion

Because Petitioner did not raise his remaining federal claims properly before the Idaho Supreme Court, they are procedurally defaulted. There has been no showing of cause and prejudice. Likewise, Petitioner has not shown that he is factually innocent of the crimes. As noted above, Plaintiff's noncognizable claims that are not the subject of

**ORDER REVIEWING (SECOND) AMENDED PETITION - 12**

the current motion must be dismissed. Therefore, Respondent is entitled to summary dismissal of the entire Petition.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 39) is DENIED.

2. Respondent's Motion for Extension of Time to File Response (Dkt. 43) is GRANTED.

3. Respondent's Motion to File an Oversize Brief (Dkt. 46) is GRANTED.

4. Respondent's Motion for Summary Dismissal (Dkt. 47) is GRANTED.

5. The (Second) Amended Petition for Writ of Habeas Corpus (Dkt. 37) is DISMISSED with prejudice.

6. Petitioner's Motion for Summary Judgment against Warden Ramirez (Dkt. 49) is DENIED.

7. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: December 22, 2021

Honorable Candy W. Dale
Chief U.S. Magistrate Judge

**ORDER REVIEWING (SECOND) AMENDED PETITION - 14**